# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

STEVEN LUCY,                    :

    Plaintiff,              :

vs.                             :    CA 06-0147-C

MICHAEL J. ASTRUE,              :
Commissioner of Social Security,[1]
                                :
    Defendant.

## MEMORANDUM OPINION AND ORDER

This cause is before the Court, pursuant to 28 U.S.C. § 636(c) and Rule 54(d)(2)(D) of the Federal Rules of Civil Procedure, on plaintiff's motion for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. (Doc. 28; *see also* Doc. 31) Upon consideration of all pertinent materials contained in this file, it is determined that plaintiff should receive a reasonable attorney's fee in the amount of $1,624.68 under the EAJA for legal services rendered by his attorney in this Court.

---

[1] Effective February 1, 2007, Michael J. Astrue was confirmed by the Senate to serve as the Commissioner of Social Security. Accordingly, pursuant to the provisions of Rule 25(d)(1) of the Federal Rules of Civil Procedure, Astrue is substituted for Jo Anne B. Barnhart as the proper defendant in this action.

## **FINDINGS OF FACT**

1. On February 6, 2007 this Court entered a Rule 58 judgment reversing and remanding this cause to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g) for further proceedings. (Doc. 24; *see also* Doc. 23)

2. The application for attorney's fees under the EAJA was filed on April 19, 2007 (Doc. 28), some sixty-two (62) days after entry of final judgment (*compare id. with* Doc. 24). In the application, plaintiff requested attorney's fees in the amount of $1,626.59 to compensate his attorney for the time spent representing him before this Court as of the date of the filing of the fee application. (*See* Doc. 28)

3. The Commissioner of Social Security initially filed a response to the application on May 8, 2007 in which he contended that his position in this litigation was substantially justified. (*See* Doc. 30) However, this response was withdrawn in the parties' joint stipulation and amended EAJA petition filed on July 2, 2007. (Doc. 31)

> Plaintiff, through counsel, hereby files his amended application to the Court for an award of attorney fees, costs of court, and expenses of litigation under the Equal Access to Justice Act, 28 U.S.C. § 2412. Plaintiff asks for an award of attorney's fees in the amount of $1,624.68 to be paid to plaintiff's attorney calculated at the rate of $161.66 per hour for

10.05 hours of work on this case in federal court and on remand before the Social Security Administration. Request for payment of EAJA fees for attorney time representing plaintiff before the agency on remand is made pursuant to <u>Sullivan v. Hudson</u>, 490 U.S. 877 (1989). The time spent by counsel for plaintiff is detailed on an Affidavit attached hereto.

With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act provides in pertinent part as follows:

> "The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, expect that . . . attorney fees shall not be awarded in excess of [$125.00] per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

28 U.S.C. § 2412(d)(2)(A)[].

This Court determined the prevailing hourly rate in the Southern District of Alabama was $125.00 in September 2001. <u>Boone v. Apfel</u>, CA 99-0965-CB-L (S.D. Ala. 2001).

It should be noted [that] one of the factors in determining whether to raise the rate above $125.00 per hour is an increase in the cost of living. The maximum EAJA rate of $125.00 was indicated in 1997, ten years ago. The United States Department of Labor provides information regarding the rise in the cost of living, adjusted monthly, on its website. The most recent Consumer Price Index (CPI) includes the year 1997. The annual CPI for 1997 was 157.4; the annual CPI for 2006 was 195.6. According to the U.S. Department of Labor, there has been a significant increase of 24% in cost of living in the intervening

years. In this District, the prevailing rate of $125 was set in September 2001, over five years ago. The annual CPI for 2001 was 171.4; the annual CPI for 2006 was 195.6, again a significant 14% increase. Yet this increase has not been reflected in attorney fees granted under the EAJA in this district.

The parties acknowledge that no precedent exists in this district for awarding EAJA fees above the rate of $125 per hour. However, there comes a time when the increasing cost of living must be addressed.

The parties present for consideration the following formula to be used in calculating EAJA fees including a reasonable cost-of-living adjustment.

> ($125/hour) x (CPI-U Annual Average "All Items Index", South Urban, for month and year of temporal midpoint)/152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted.

In determining the rate of adjustment under the EAJA, the Court will use the Consumer Price Index (CPI) compiled by the United States Bureau of Labor Statistics. Taylor Group, Inc. v. Johnson, 95 F.Supp. 1545, 1552 (M.D. Ala. 1995). Taylor does not preclude the use of the local or regional CPI-U in determining the rate of inflation over the statutory rate[.] [S]ee also Mannio v. West, 12 Vet. App. 242, 243 (1999) (holding the local consumer price index (CPI) will be applied where one is available); Cox Constr. Co. v. U.S., 17 Cl.Ct. 29, 37 (1989) (holding that "in view of the diverse nature of various cities' and regions' economies, it is concluded that recognizing the [cost-of-living] increases actually experienced by the EAJA applicant is the fairer course").

The appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered.[] Levernier Constr.,

Inc. v. U.S., 21 C. Ct. 683, 694 (1990), vacated in part on reconsideration, 22 Cl. Ct. 247, rev'd on other grounds, 947 F.2d 487 (1991). The temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment.

In this case, the Complaint was prepared on February 27, 2006, and the Magistrate Judge issued his Judgment and Order on February 6, 2007. The temporal midpoint therefore is August 17, 2006.

Using this formula and the statistics for southern urban areas, the $125 per hour statutory cap, adjusted for inflation, would be $161.66: ($125/hour x 197.1)/152.4, where 197.1 equals the CPI-U for August 2006, the temporal midpoint of this case, and 152.4 equals the CPI-U for March 1996, the month and year in which the $125 cap was enacted.

The parties agree the Application is brought within the time limit stated in 28 U.S.C. § 2412(d)(1)(B), that is, within 30 days of the date that the judgment entered in this case was no longer appealable.

The parties further agree Plaintiff is entitled to receive attorney's fees pursuant to the Equal Access to Justice Act because he is the prevailing party in this action, is an individual whose net worth did not exceed two million dollars at the time the action was filed as is demonstrated by plaintiff's attached affidavit, and the position of the United States in this case, either at the agency or in this litigation, was not substantially justified.

There are no special circumstances in this case which make an award under the EAJA unjust.

This application is supported by an affidavit of plaintiff's attorney.

> Defendant hereby agrees to the calculations of attorney fees as set out above and withdraws its Objection to Plaintiff's Application for Attorney Fees under the Equal Access to Justice Act.

(*Id.* at 1-3)

## CONCLUSIONS OF LAW

1. The Equal Access to Justice Act requires a district court to "award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . ., including proceedings for judicial review of agency action, brought by or against the United States . . ., unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). It is imminently clear in this case that plaintiff is a prevailing party under the EAJA[2] and that the position of the United States in this case was not substantially justified, the parties having stipulated as much (Doc. 31).

2. The EAJA requires a prevailing party to file an application for attorney's fees within thirty (30) days of final judgment in the action. 28 U.S.C. § 2412(d)(1)(B). The thirty-day clock did not begin to run in this case until this Court's reversal and remand order of February 6, 2007 became final,

---

[2] "[A] party who wins a sentence-four remand order is a prevailing party." *Shalala v.Schaefer*, 509 U.S. 292, 302, 113 S.Ct.2625, 2632, 125 L.Ed.2d 239 (1993).

which occurred at the end of the sixty (60) days for appeal provided under Rule 4(a)(1) of the Federal Rules of Appellate Procedure, *see Shalala v. Schaefer,* 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993), that is, April 7, 2007. The application filed in this case, bearing a date of April 9, 2007, is timely since it was filed within thirty days of April 7, 2007.

      3.      The EAJA, like 42 U.S.C. § 1988, is a fee-shifting statute. The Supreme Court has indicated that "'the most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Watford v. Heckler,* 765 F.2d 1562, 1568 (11th Cir. 1985) (EAJA), quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983)(§ 1988); *see Jean v. Nelson*, 863 F.2d 759, 772-773 (11th Cir. 1988) (discussing the reasonableness of the hours expended in the context of contentions by the government that the fee requests were not supported by sufficient documentation and often involved a duplication of effort), *aff'd sub nom. Commissioner, I.N.S. v. Jean,* 496 U.S. 154, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990).

> This calculation provides an objective basis on which to make an initial estimate of the value of a lawyer's services. The party seeking an award of fees should submit evidence supporting the

> hours worked and the rates claimed. Where the documentation of hours is inadequate, the district court may reduce the award accordingly. The district court also should exclude from this initial fee calculation hours that were not "reasonably expended." . . . Cases may be overstaffed, and the skill and experience of lawyers vary widely. Counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission. "In the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority."

*Hensley, supra,* 461 U.S. at 433-434, 103 S.Ct. at 1939-1940 (citations omitted); *see also id.,* at 437, 103 S.Ct. at 1941 ("[T]he fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates."); *ACLU of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir.1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant, or otherwise unnecessary.' Courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is

awarded."); *Norman v. Housing Authority,* 836 F.2d 1292, 1301 (11th Cir. 1988) ("Excluding excessive or otherwise unnecessary hours under the rubric of 'billing judgment' means that a lawyer may not be compensated for hours spent on activities for which he would not bill a client of means who was seriously intent on vindicating similar rights, recognizing that in the private sector the economically rational person engages in some cost benefit analysis.").

    4.    In *Norman, supra,* the Eleventh Circuit indicated that "the measure of reasonable hours is determined by the profession's judgment of the time that may be conscionably billed and not the least time in which it might theoretically have been done." 836 F.2d at 1306.

    5.    Because the defendant now interposes no objection whatsoever to the fee petition, the Court finds that plaintiff's counsel reasonably spent 10.05 hours on legal tasks in this case.

    6.    With respect to a determination of the hourly rate to apply in a given EAJA case, for services performed by attorneys, the express language of the Act, as amended by the Contract with America Advancement Act of 1996, provides in pertinent part as follows:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for

> the kind and quality of the services furnished, except that . . . attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. § 2412(d)(2)(A) (Cum.Supp. 1997).

7. In *Meyer v. Sullivan*, 958 F.2d 1029 (1992), the Eleventh Circuit determined that the EAJA establishes a two-step analysis for determining the appropriate hourly rate to be applied in calculating attorney's fees under the Act.

> The first step in the analysis, . . . is to determine the market rate for "similar services [provided] by lawyers of reasonably comparable skills, experience, and reputation." . . . The second step, which is needed only if the market rate is greater than $[125] per hour, is to determine whether the court should adjust the hourly fee upward from $[125] to take into account an increase in the cost of living, or a special factor.

*Id.* at 1033-1034 (citations and footnote omitted).

8. For years, the prevailing market rate in the Southern District of Alabama has been $125.00 per hour. *See, e.g., Willits v. Massanari*, CA 00-0530-RV-C; *Boggs v. Massanari*, 00-0408-P-C; *Boone v. Apfel*, CA 99-0965-CB-L. The Court finds that it is now time to adjust this rate to account for the

increase in the cost of living. To that end, the Court specifically adopts the formula proposed by the parties to be used in calculating all future awards of attorney's fees under the EAJA: "($125/hour) x (CPI-U Annual Average 'All Items Index', South Urban, for month and year of temporal midpoint[3])/ 152.4, where 152.4 equals the CPI-U of March 1996, the month and year in which the $125 cap was enacted." (Doc. 31, at 2)

9. The temporal midpoint in this case was August 17, 2006, the complaint having been prepared on February 27, 2006 (Doc. 31, at 3) and the Court having entered its order and judgment on February 6, 2007 (Docs. 23-24). The CPI-U for August of 2006 was 197.1. Plugging the relevant numbers into the foregoing formula renders the following equation: $125x197.1/152.4. Completion of this equation renders an hourly rate of $161.66.

10. In consideration of the foregoing, the plaintiff should be awarded an attorney's fee in the amount of $1,624.68 under the EAJA for the 10.05 hours his attorney spent performing work traditionally performed by attorneys in social security cases.

---

[3] The parties have stipulated, a stipulation the Court specifically endorses, that "[t]he appropriate endpoint for computing the cost of living adjustment is the temporal midpoint of the period during which the compensable services were rendered[,]" and, futher, that "[t]he temporal midpoint is calculated by computing the number of days from the date the claim was prepared until the date of the Magistrate or District Judge's Order and Judgment." (Doc. 31, at 3)

## CONCLUSION

The Court **ORDERS** that plaintiff be awarded attorney's fees in the amount of $1,624.68 under the Equal Access to Justice Act, representing compensation for 10.05 hours of service by William T. Coplin, Jr., Esquire, at the cost-of-living-adjusted rate of $161.66 an hour.

**DONE** and **ORDERED** this the 5th day of July, 2007.

          s/WILLIAM E. CASSADY
          **UNITED STATES MAGISTRATE JUDGE**